## HOLLIS v. RUMPH.
### No. 13393.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 10, 1936.

Rehearing Denied Feb. 14, 1936.

Sayles, Sayles & Sayles, of Abilene, for appellant.

Sam J. Callaway and Robert C. Pepper, both of Fort Worth, for appellee.

BROWN, Justice.

This cause involves the appointment of a receiver by the district court of Jack county upon a verified amended petition which was filed by appellee against appellant as defendant and without notice of a hearing to the defendant.

It appears that appellee filed his original petition on March 5, 1935, in which he alleged, in substance, that he is the owner of a tract of land of approximately 160 acres, in Jack county, which was leased for exploration for oil and gas, and that appellant, Hollis, is the owner of the lease covering such land; that about five wells had been drilled on the premises, the last one having been drilled about fifteen months before the filing of the petition, and that such well, in addition to the others, was a commercial producer, but that defendant had not equipped such well for production, and had produced nothing therefrom, and that he has not operated and cared for all of the wells in a business and workman like manner so as to cause them to produce anything like their capacity; that he has produced very little oil from such wells as were equipped for production, and then only intermittently; that the neglect and mismanagement and lack of operation of the wells by the defendant and his neglect to further develop the same amounts to an abandonment, such as will authorize the cancellation of the lease by plaintiff, and he sued to cancel the lease and repossess the premises.

Plaintiff pleaded in the alternative that, if he were not entitled to such relief, he had been damaged in the sum of $5,000, and is being damaged in the sum of $50 each month because of defendant's neglect and mismanagement, and he prays, in the alternative, for his damages.

In the last paragraph of his petition, he prayed for the appointment of a receiver to take charge of, manage, control, preserve, and operate the lease and the wells thereon during the pendency of the suit.

Defendant, appellant here, was duly served with citation issued on this petition.

On August 21, 1935, appellee filed his amended petition, in which he set forth, substantially, the facts as were contained in his original petition, and in addition thereto he alleged that the defendant has wholly abandoned the lease and premises, and that he had no representative on the premises to look after, protect, and care for the same and the personal property thereon, and that, because of such lack of proper care and because the lease had not been made to produce for a long period of time, the wells were deteriorating, and that

they would soon be permanently injured and destroyed unless they were rehabilitated, managed, controlled, and placed upon the pump in order to bring them back to production; he further alleged that, with respect to the damages he has sustained by reason of the failure to operate, drill, and produce oil and gas from such lease, he has an equitable lien upon the leasehold interest and upon all personal property situated thereon, for which he asked foreclosure.

This petition was properly sworn to, and on August 31, 1935, without notice to the defendant, the district court made and entered an order appointing a receiver.

It appears from the order of the court that the receiver was authorized and instructed to make a full and complete inventory of the property, both real and personal, to make a thorough examination of the wells thereon, and to test the same so far as is practicable for the purpose of determining how much oil the wells will produce, to store the oil so produced by him, if any, in the tanks situated on the premises, and to do any and everything necessary or incident to the proper preservation and production of the wells and personal property situated thereon, and he was granted authority to expend not more than $60 in carrying out the order. He was further ordered to file on or before the first Monday in September, 1935, a full and complete inventory with a brief statement of the condition of the lease, wells, and equipment, and an itemized statement of all expenses incurred by him, including a report of his acts as such receiver. The receiver was required to make bond in the sum of $1,000.

It appears from the report made by the receiver, duly verified by him, that the engine, which was evidently used for pumping oil from the wells, is in a nonusable condition and must be repaired, as it is one of the power units. The receiver further reported that all of the wells and machinery had apparently not been in use for a considerable period of time and had been exposed to the elements without attention or care, and that the possibility of operation and usefulness of the equipment cannot be determined unless tests are made, and that it will require a large sum of money to rehabilitate, recondition, and restore to operation the wells and equipment; that the receiver is not only unable to give a proper estimate of the costs of all repairs and of reconditioning the wells, but that such costs and repairs were necessary, and that further investigation and incurring of expenses incident thereto were necessary to determine the costs of such repairs and reconditioning; and that at the time of making of the report, so far as operating the wells, or so far as they may be considered producing properties, all of them are in a condition of "disrepair and abandonment."

Appellant complains here of the trial court appointing the receiver for the premises and property without notice to him, and the burden of his contention is that under Article 2293, Rev.Civ.Statutes, the trial court was without such authority.

When appellant was served with process, to which was attached a certified copy of plaintiff's original petition, on March 8, 1935, he was well aware of the fact that appellee was complaining of his neglect of the premises and of his breach of the covenants found in the lease, and that appellee was suing to cancel the lease, and, in the alternative, to recover damages from him, and that this petition sought the appointment of a receiver. It appears that from March 8, 1935, until August 21, 1935, with all of this knowledge, and with these facts placed before him, appellant not only did not attempt to make the wells then drilled on the premises produce oil in paying quantities, but that he abandoned the premises and had no representative or agent thereon and in charge thereof, and that he did nothing to prevent the personal property from being stolen therefrom, and nothing to make the wells produce the maximum amounts of which they were capable. It therefore appears that the appointment of the receiver in this particular case is not such an act as that it deprives appellant, defendant below, of actual possession of the premises or the actual operation of the wells. He had long since practically abandoned the premises and abandoned the wells thereon.

If these wells can be made to produce oil in paying quantities, the appointment of a receiver to take charge of the same and to protect the wells and the personal property incident thereto on the premises inures to the benefit of the appellant as well as that of appellee, and he has no right to complain of the action of the court, in view of his continued inaction. If, on the other hand, the wells cannot be made

to produce oil in paying quantities, then appellant has lost nothing by the appointment of the receiver. The inaction and neglect on the part of appellant was, and still is, causing appellee great loss. It will be observed that the order of the court appointing the receiver makes the appointee a temporary receiver, and that it has served the sole purpose of protecting the premises, the wells, and the personal property situated thereon.

We believe that under the discretionary powers of the trial court, in view of the facts and record in this case, the trial court had full authority to make the order and that appellant has been benefited by it and in no wise injured.

All assignments of error are overruled, and the judgment of the trial court is affirmed.